JOSEPH S. PRIEST, Appellant, *v.* THE HUDSON RIVER RAILROAD COMPANY, Respondent.

(Argued January 8, 1875; decided May term, 1875.)

THE complaint in this action alleged, in substance, that defendant, through its agent, violently assaulted, struck, beat and injured the plaintiff while the latter was entering one of its cars as a passenger, at Troy, N. Y. The defendant, in addition to a general denial, and other defences, pleaded the two years statute of limitations applicable to actions for assault and battery. It appeared that defendant placed an agent at the entrance to its passenger cars, with instructions to

refuse admission to any one not having a ticket, provided there was sufficient time to procure a ticket before the train left. The tickets were required to be produced and were punched by the agent; that plaintiff attempted to enter a car without a ticket; he was stopped by the agent, who asked for his ticket, and on being advised that plaintiff had no ticket, told him he could not enter without one. There was time enough to procure one before the departure of the train. Plaintiff persisted in his attempt to enter the car, when, as he testified, the agent struck him and pulled him from the car, doing the injuries complained of. The action was not commenced than two years after this occurrence. The jury rendered a verdict for plaintiff. This was reversed by the General Term on the ground that the two years' statute of limitations applied. It was *held* here (DWIGHT and EARL, CC., dissenting), that the cause of action was for assault and battery substantially alleged to have been committed by the defendant, and as no evidence was given tending to prove that defendant in any way directed or sanctioned the acts of assault and battery irrespective of the statute of limitations, the defendant was not liable. (*Phila., G. and M. R. R. Co.* v. *Wilt,* 4 Whart., 143, 147; *Percival* v. *Hickey,* 18 J. R., 257, 284.)

*Edward Patterson* for the appellant.

*Frank Loomis* for the respondent.

GRAY, C., reads for affirmance; LOTT, Ch. C., and REYNOLDS, C., concur.

DWIGHT, C., reads for reversal; EARL, C., concurs.

Order affirmed and judgment absolute against plaintiff.